Eastern Dist.
*Feb'ary*,1828.

*COMMAUX* vs. *BARBIN*.

The grand-father has a
right to the
tutorship, af-
ter the father
and mother,
without be-
ing recom-
mended by a
family meet-
ing, who are,
however, to
pass on the
sureties he
offers.

At such a
meeting the
undertutor
should be
present.

APPEAL from the court of Probates, parish of East Baton Rouge.

MARTIN, J. delivered the opinion of the court. The minor being under the age of puberty, his grand-father prayed to be appointed his tutor, on a suggestion that the mother and tutrix had contracted a second marriage, without having applied for a family meeting for the purpose of determining whether she should be continued in the tutorship. The judge of probates ordered a family meeting to examine and report on the sureties he offered.

The meeting was ordered for the 12th of April.

On the 14th of May, the under tutor opposed the appointment of the grand-father as tutor on various grounds.

The grand-father prayed that the opposition be dismissed, on the ground of its having been filed too late. Of this opinion was the judge, and it was accordingly dismissed.

The under tutor took a bill of exceptions to the opinion of the court.

Afterwards, at a special court of probates, letters of tutorship were directed to issue to the

grand-father, the court expressing again its opi-  Eastern,Dist.<br>*Feb'ary* 1828
nion, that the opposition was too late, and sta-
ting that the under tutor did not apply for the  COMMAUX<br>*vs.*<br>BARBIN.
tutorship himself, or for any other person—that
the grand-father had a legal claim to the tutor-
ship, and was recommended by the family mee-
ting as a fit person.   The under tutor appeal-
ed.

We do not see on what ground the opposition
was rejected as tardy, and the record is ex-
tremely obscure on this head—the petition of
the grand-father, the order for the family meet-
ing, and the summons of its members, are with-
out a rule.  We collect from the summons,
that the meeting was to be holden on the 12th
of April.

The proceedings at this meeting make no
part of the record.

The grand-father, as the nearest ascendant,
the father being dead, and the mother having
forfeited the tutorship, had a right to the tutor-
ship, without the recommendation of the fami-
ly meeting, but the assembly was to consider
of the sureties he offered.

At the meeting for this purpose, the under
tutor was to be present, and the sheriff's return
shews that he was not.

Eastern Dist.
*Feb'ary* 1828.

COMMAUX
*vs.*
BARBIN.

The proceedings of this meeting were irregular, and the under tutor had a right to complain of this—and we are ignorant of, and the grand-father has not shown any provision of law, fixing any fatal delay.

The court ought not to have ordered letters to issue till surety was given according to law, *i. e.* a bond with surety, approved by a family meetin , to which the under tutor was summoned.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed, and the case remanded, with directions to the court of probates to proceed therein according to law.

*Eustis* for the under tutor.